[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11422
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00031-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN THOMAS SEFTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 23, 2013)

Before DUBINA, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Edwin Thomas Sefton appeals his twenty-seven-month total sentence, imposed after he pled guilty to one count of possession of an unregistered, sawed-off shotgun, in violation of 26 U.S.C. §§ 5845, 5861(b), and 5871, and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).   On appeal, Sefton argues that his total sentence is substantively unreasonable because he possessed the shotgun while he was alone in the woods, and he did not intend to harm or even encounter another person.  He argues that his case is outside the heartland of typical federal gun cases, and that his twenty-seven-month total sentence is greater than necessary.  Upon review of the record and consideration of the parties' briefs, we affirm.

We review the reasonableness of a sentence under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  A defendant challenging his sentence bears the burden of establishing that it is unreasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

A sentence is substantively unreasonable if it does not achieve the purposes of sentencing stated in § 3553(a).  *Id.*  The analysis "involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

The factors to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, respect for the law, and the need to provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we [do] not substitute our judgment in weighing the relevant factors."  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (citation omitted) (internal quotation marks omitted).

In terms of the reasonableness of the sentence imposed, we have held "that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."  *Talley*, 431 F.3d at 788.  In addition, a sentence that is well below the statutory maximum supports a finding of reasonableness.  *See Gonzalez*, 550 F.3d at 1324.

Sefton's twenty-seven-month total sentence is substantively reasonable.  First, it was within the guideline range of 27 to 33 months.  Second, it was far below the ten-year statutory maximum penalty carried by each count.  Third,

3

Sefton's sentence was supported by the 18 U.S.C. § 3553(a) factors and the goals of sentencing. In reaching its decision, the district court relied in part on Sefton's long criminal history, which included seventeen convictions. The district court explained that it would have sentenced him at the upper end of the guidelines absent the letters of support and other mitigating evidence he presented. With regard to the weight assigned to each factor, we will not substitute our judgment for that of the district court absent a clear error of judgment. *See Gonzalez*, 550 F.3d at 1324.

Sefton does not seem to argue that the district court made any clear error in judgment. Rather, he simply claims that the sentence was "too high to satisfy the parsimony principle" and that he had "no intention of harming . . . another person." He provides no supporting precedent for the implicit proposition that either of these assertions indicate clear error on the part of the district court.

Moreover, the fact that this court has *affirmed* large variances in what Sefton asserts are "much more serious cases" is inapposite. The standard of review is abuse-of-discretion; Sefton bears a much heavier burden in asking this court to vacate his sentence than did the appellees who sought affirmance of their sentences in those cases. He has failed to meet his burden.

**AFFIRMED.**